

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x  Index No.
OSBOURNE SEABROOKS,

              Plaintiff,

                                                     COMPLAINT

-against-

                                                     JURY DEMAND

THE CITY OF NEW YORK and
POLICE OFFICERS JOHN DOE 1-6,

              Defendants.
------------------------------------------------------x

OSBOURNE SEABROOKS, by his attorney(s), THE LAW OFFICES OF WALE MOSAKU, P.C., complaining of the defendants, The City of New York and Police Officers John Doe 1-6 (hereinafter collectively and individually referred to as the Defendant(s)), upon information and belief alleges as follows:

### NATURE OF THE ACTION

1.     This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

### JURISDICTION

2.     The jurisdiction of this Court in invoked pursuant to 42 U.S.C. Section 1983, 28 U.S.C. Section 1343, and 28 U.S.C. Section 1331, and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3.     All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties,

|   |   |
|---|---|
|   | transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws. |
| 4. | As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c). |

THE PARTIES

|   |   |
|---|---|
| 5. | Plaintiff is a resident of the County of Bronx, City and State of New York, United States of America. Plaintiff is a black male of full age. |
| 6. | At all relevant times, Police Officers John Doe 1-6 (hereinafter "defendant officers") were, upon information and belief, and still are, police officers of the Police Department of the City of New York. |
| 7. | At all times herein, defendant officers were employed as police officers of the City of New York, State of New York, and were acting under the color of their official capacity and their acts were performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were the servants, agents, and employees of their co-defendant, the City of New York, so that their acts are imputed to the City of New York and its Police Department. |
| 8. | At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers through it's Police Department, namely New York City Police Department, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York. |
| 9. | Plaintiff sues all defendants in their individual and official capacities. |

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. Upon information and belief, on or about March 19, 2006, between the hours of 05:30 p.m. and 06:30 p.m., the plaintiff was falsely arrested without probable cause by defendant officers, ostensibly for perpetrating the following crime/offense: Endangering the welfare of a child (PL 260.10).

11. The defendant officers knew that the plaintiff had not committed the offenses he was accused of.

12. That prior to March 19, 2006, the plaintiff was involved in a bitter custody battle with the mother of his infant son.

13. That prior to, and on March 19, 2006, the plaintiff had been awarded temporary custody of said infant son, and his infant son resided with him.

14. That on March 19, 2006, the plaintiff had attended church with his son, and returned to his residence at or about 05:00 p.m.

15. That approximately thirty minutes after returning home, the plaintiff discovered that his infant son was no longer within the premises.

16. That after conducting a search, the plaintiff proceeded to the 44th police precinct in order to file a report that his child was missing.

17. That upon arriving at the 44th police precinct, the plaintiff was told that he had to return home and call "911".

18. That the plaintiff followed the instructions he was given, returned home and dialed "911" in order to report his son missing.

19. That approximately half an hour after the plaintiff called "911", two officers (one male and one female) arrived at his residence, in order to take the report.

20. That while plaintiff was making the report, the male police officer received a call on his cell phone.

21. That the male police officer then informed the plaintiff that his infant son was at the mother's house.

22. That the police officers then left with a promise that they would return to the plaintiff's residence.

23. That the officers did not return to the plaintiff's residence.

24. That later on during the evening, the plaintiff was informed by his infant child's mother's brother, that the police officers wanted him (the plaintiff) to go to the police precinct, in order to be reunited with the child.

25. That upon arriving at the 44th police precinct, the female officer who had earlier come to his residence identified him to another officer, and that that other officer placed the plaintiff under arrest.

26. Subsequently, and despite the lack of any credible evidence that would reasonably justify the arrest of the plaintiff, the defendants nevertheless proceeded, maliciously and without just cause, to arrest and imprison the plaintiff.

27. That at the time he was arrested, the plaintiff was not informed of the basis for his arrest.

28. At the time plaintiff was arrested, he protested to and informed defendant officers that he had committed no crime or offense and offered to prove his innocence. However the defendant officers refused to pay any attention to plaintiff's entreaties, and arrested plaintiff in wanton and malicious disregard for the truth.

29. At the police 44th police precinct of the city of New York, plaintiff was fingerprinted and photographed.

30. That the plaintiff was arraigned before a judge on Tuesday March 21, 2006, at approximately 12:00 p.m., and released on his own recognizance.

31. That it was only upon arriving at the criminal court that the plaintiff was informed by his court appointed attorney of the nature of the charges against him.

32. Plaintiff was caused to make at least two (2) appearances in New York City Criminal Court. On or about June 23, 2006, the case against plaintiff was dismissed, and sealed pursuant to CPL 160.50.

33. Plaintiff's criminal court docket number was "2005BX014980".

34. That at the time of the above-referenced arrest, the officers of the 44th police precinct were aware of the strained relationship between the plaintiff and his child's mother, and in fact, upon information ajnd belief, had reported to the plaintiff's apartment on many occasions prior to the arrest, following frivolous and malicious complaints and reports that were filed against the plaintiff, by said child's mother.

FIRST CAUSE OF ACTION: FALSE ARREST AND FALSE IMPRISONMENT

35. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 34 of this complaint as though fully set forth herein.

36. The arrest, detention and imprisonment of plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

37. As a result of plaintiff's false arrest and imprisonment, he has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him, was prevented from attending to his necessary affairs, and has been caused to incur legal expenses, and has been otherwise damaged in his character and reputation.

38. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

39. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

40. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

5

## SECOND CAUSE OF ACTION: MALICIOUS PROSECUTION

41. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 40 of this complaint as though fully set forth herein.

42. There was absolutely no probable cause for the defendant officers to arrest the plaintiff for the above-referenced crimes at the above-referenced scene of the arrest.

43. Plaintiff's criminal court docket number was "2005BX014980".

44. The commencement and prosecution of the criminal judicial proceedings against the plaintiff, including the arrest, the imprisonment, and the charges against plaintiff were committed by or at the insistence of the defendants without probable cause or legal justification and with malice.

45. The criminal judicial proceedings initiated against the plaintiff was terminated in plaintiff's favor.

46. The arrest, imprisonment and prosecution of the plaintiff was malicious and unlawful because the plaintiff had committed no crime and there was no probable cause to believe that the plaintiff had committed a crime.

47. The defendants actions were intentional, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against the plaintiff were false and untrue.

48. As a consequence of the malicious prosecutions by the defendants, plaintiff incurred attorneys fees, suffered humiliation, mental anguish, loss of wages from work, and his constitutional rights were violated.

49. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

50. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

## FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS: DEPRIVATION OF CIVIL RIGHTS

51. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 50 of this complaint as though fully set forth herein.

52. The defendant officers acted under color of law, in their official capacity, and their acts were performed under color of the statutes and ordinances, customs and practices of the City of New York.

53. The conduct of the defendants deprived plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States:

(a) The right of plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

(b) The right of the plaintiff to be promptly informed of the nature and cause of the accusation against him, secured to him under the Sixth and Fourteenth Amendments to the Constitution of the United States.

(c) The right of plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States.

(d) The right to be free from unreasonable detention and/or continued detention without probable cause in that plaintiff was unlawfully detained for more than one (1) day.

54. At all times relevant to this complaint, defendant officers, as police officers of the City of New York, were acting under the direction and control of defendant City of New York, and were acting pursuant to the official policy, practice, or custom of the City of New York. The

allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

55. Acting under color of law and pursuant to official policy, practice, or custom, defendant City of New York intentionally, knowingly, negligently and recklessly failed to instruct, supervise, control, and discipline, on a continuing basis, defendant officers in their duties, to refrain from unlawfully and maliciously arresting and imprisoning citizens. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

56. Acting under color of law and pursuant to official policy, practice, or custom, defendant City of New York intentionally, knowingly, negligently and recklessly failed to instruct, train, and supervise defendant officers on a continuing basis in the correct procedure for making an arrest. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

57. Defendant City of New York had knowledge, or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed. Defendant City of New York had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, negligently or recklessly failed or refused to do so. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

58. Defendant City of New York, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of defendant officers as heretofore described. The allegations in this paragraph are likely to have evidentiary

          support after a reasonable opportunity for further investigation or discovery.

59.    As a direct and proximate result of the acts of the defendants as set forth herein, plaintiff suffered physical injury, medical expenses, lost wages, and severe mental anguish in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

60.    The acts of the defendants as set forth above were wanton, malicious, and oppressive, thus entitling plaintiff to an award of punitive and compensatory damages against each of them, individually and severally.

WHEREFORE, plaintiff respectfully prays judgment as follows:

1. For compensatory damages against all defendants in an amount to be proven at trial;
2. For exemplary and punitive damages against all defendants in an amount to be proven at trial;
3. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;
4. For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
       May 21, 2007

                        LAW OFFICES OF WALE MOSAKU, P.C.

                        By: _____
                        Wale Mosaku, Esq. (AM 5872)
                        Attorney for the Plaintiff
                        25 Bond Street, 3rd Floor
                        Brooklyn, N.Y. 11201
                        (718) 243-0994

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK Index #:

---

OSBOURNE SEABROOKS,

                                                                                           Plaintiff(s),

-against-

THE CITY OF NEW YORK and
POLICE OFFICERS JOHN DOE 1-6,

                                                                                           Defendant(s).

---

### COMPLAINT

---

LAW OFFICES OF WALE MOSAKU, P.C.
Attorney(s) for Plaintiff(s)
25 Bond Street, 3rd Floor
Brooklyn, New York 11201
(718) 243-0994

---

To:                                              Service of a copy of the within
                                                is hereby admitted.

                                                Dated:................ 200_

Attorney(s) for Defendants

---