UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

OSBOURNE SEABROOKS,

                              Plaintiff,

-against-

THE CITY OF NEW YORK and POLICE OFFICERS
JOHN DOE 1 – 6,

                              Defendants.
------------------------------------------------------------------------x

**ANSWER**

**07 CV 4715 (JGK) (KNF)**

**<u>JURY TRIAL DEMANDED</u>**

      Defendant the City of New York (the "City"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

      1. Denies the allegations set forth in paragraph 1 of the complaint, except admits that plaintiff purports to proceed as stated therein.

      2. Denies the allegations set forth in paragraph 2 of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

      3. Denies the allegations set forth in paragraph 3 of the complaint, except admits that plaintiff purports to invoke the supplemental jurisdiction of the Court as stated therein.

      4. Denies the allegations set forth in paragraph 4 of the complaint, except admits that plaintiff purports that venue is proper.

      5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the complaint.

      6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the complaint with respect to Police Officers John Doe 1 - 6.

7. The allegations set forth in paragraph 7 constitute legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations.

8. Denies the allegations set forth in paragraph 8 of the complaint, except admits that the City of New York is a municipal corporation.

9. Denies the allegations set forth in paragraph 9 of the complaint, except admits plaintiff purports to sue the defendant as stated therein.

10. Denies the allegations set forth in paragraph 10 of the complaint, except admits that plaintiff was arrested on March 19, 2006.

11. Denies the allegations set forth in paragraph 11 of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the complaint.

26. Denies the allegations set forth in paragraph 26 of the complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the complaint.

28. Denies the allegations set forth in paragraph 28 of the complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the complaint.

35. In response to the allegations set forth in paragraph 35 of the complaint, defendant repeat and realleges the responses set forth in paragraphs 1 through 34 inclusive of their answer, as if fully set forth herein.

36. Denies the allegations set forth in paragraph 36 of the complaint.

37. Denies the allegations set forth in paragraph 37 of the complaint.

38. Denies the allegations set forth in paragraph 38 of the complaint.

39. The allegations set forth in paragraph 39 constitute legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations.

40. Denies the allegations set forth in paragraph 40 of the complaint and respectfully refer the Court to CPLR 1602 for an accurate statement of its contents.

41. In response to the allegations set forth in paragraph 41 of the complaint, defendant repeat and realleges the responses set forth in paragraphs 1 through 34 inclusive of their answer, as if fully set forth herein.

42. Denies the allegations set forth in paragraph 42 of the complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the complaint.

46. Denies the allegations set forth in paragraph 46 of the complaint.

47. Denies the allegations set forth in paragraph 47 of the complaint.

48. Denies the allegations set forth in paragraph 48 of the complaint.

49. Denies the allegations set forth in paragraph 49 of the complaint.

50. The allegations set forth in paragraph 50 constitute legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations.

51. In response to the allegations set forth in paragraph 51 of the complaint, defendant repeat and realleges the responses set forth in paragraphs 1 through 50 inclusive of their answer, as if fully set forth herein.

52. The allegations set forth in paragraph 52 constitute legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations.

53. Denies the allegations set forth in paragraph 53 of the complaint and all of its subparts.

54. Denies the allegations set forth in paragraph 54 of the complaint.

55. Denies the allegations set forth in paragraph 55 of the complaint.

56. Denies the allegations set forth in paragraph 56 of the complaint.

57. Denies the allegations set forth in paragraph 57 of the complaint.

58. Denies the allegations set forth in paragraph 58 of the complaint.

59. Denies the allegations set forth in paragraph 59 of the complaint.

60. Denies the allegations set forth in paragraph 60 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

61. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

62. The City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

63. To the extent the complaint alleges any claims against the City arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

64. Punitive damages are not available against the City of New York.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

65. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendant.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

66. There was reasonable suspicion to stop and detain plaintiff.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

67. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

68. The individual defendant is entitled to qualified immunity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

69. This action may be barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

70. This action may be barred in whole or in part by the applicable limitations period.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

71. Plaintiff may have failed to comply with New York General Municipal Law § 50-e and accordingly, such claims may be barred.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

72. The officer's conduct was justified.

**WHEREFORE**, defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      September 21, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendant City of New York
100 Church Street, Room 3-196
New York, New York 10007
(212) 788-9567

By: _____
Suzette Corinne Rivera (SR 4272)

TO:   Wale Mosaku, Esq.